B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Idaho

In re  **Gary Alan Reisch**                                   Case No.
                        Debtor(s)                              Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,500.00** |
   | Prior to the filing of this statement I have received | $ **1,500.00** |
   | Balance Due | $ **0.00** |

2. $ **338.00**  of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor       ■ Other (specify):  **Elizabeth & Darrel Reisch**

4. The source of compensation to be paid to me is:

   ■ Debtor       ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **In CHAPTER 7 cases: Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11USC 522(f)(2)(A) for avoidance of liens on household goods.  By agreement with debtor(s), fees do NOT include representation of the debtor(s) in any dischargeability actions, judcial lien avoidances, relief from stay actions or any other adverdarial proceding.**

      **In CHAPTER 13 cases: Attorney will provide all services pursuant to the attached MODEL RETENTION AGREEMENT.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

   **May 24, 2024**                               **/s/ Hyrum M Zeyer**
   *Date*                                         **Hyrum M Zeyer  8436**
                                                  *Signature of Attorney*
                                                  **Peterson Zeyer Law**
                                                  **1215 W Hays St.**
                                                  **Boise, ID 83702**
                                                  **(208)433-9882   Fax: (208)433-9886**
                                                  *Name of law firm*



## PETERSON ZEYER LAW
### BANKRUPTCY RELIEF: SIMPLE & SMOOTH

RIGHTS AND RESPONSIBILITIES AGREEMENT
BETWEEN CHAPTER 7 DEBTORS AND THEIR ATTORNEYS
*United States Bankruptcy Court*
*District of Idaho*

Chapter 7 Bankruptcy allows debtors to receive a discharge of their personal liability on many unsecured debts such as credit cards, medical debts, past due utility debts, personal and payday loans, and state court judgments based on underlying unsecured transactions. It also allows debtors to discharge their personal obligations to repay a deficiency amount of a secured debt such as a mortgage loan or auto loan if the property is surrendered. It does not discharge or forgive debtor's personal liability to repay child support of alimony payments, most student loans, recent tax obligations or government-imposed fines and penalties. It also puts burdens on debtors to make complete and truthful disclosures of their financial situation and may require debtors to turnover assets and property to the bankruptcy trustee for payment to debtor's creditors, including all or a portion of debtor's tax refunds.

It is important for debtors who file a Chapter 7 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is crucial. Debtors are entitled to expect certain services be performed by their attorneys, but debtors also have responsibilities to their attorneys. To assure that debtors and their attorney understand their rights and responsibilities in the Chapter 7 process, the Bankruptcy Code requires the rights and responsibilities of a debtor and their attorney be specified in writing. The parties therefore have entered into the following agreement setting out the rights and responsibilities of both debtors in Chapter 7 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

You, __Gary Reisch_____, as "Client(s)" or "Debtor(s)" have asked Peterson Zeyer Law ("Attorney" or "Firm") to represent you for the purpose of filing a Chapter 7 bankruptcy petition. This agreement covers our usual, ordinary and necessary services in a bankruptcy case.

To file a Chapter 7 bankruptcy and receive a discharge, there are many legal services that must be performed prior to filing the bankruptcy case and after the bankruptcy case is filed. These services are often described as "routine" or "basic" Chapter 7 legal services. Not all cases will require the same or all routine services; however, Peterson Zeyer Law charges a flat, fixed fee for these "routine" services. The cost of a "basic" Chapter 7 bankruptcy is outlined below with two options for payment. The cost for additional legal services that may be needed in your bankruptcy are separately listed and will be discussed with you prior to filing the case.

Peterson Zeyer Law offers a discount for paying all fees in full prior to filing the case and a payment plan if you are unable to pay all fees prior to filing the case. These options are set forth below and included in the chart following the description. Fees will be discussed with you during your initial consultation with the attorney.

**PAYMENT OPTION 1:** The first option to pay for the Chapter 7 bankruptcy is to pay the full balance of attorney fees and costs prior to the filing of the bankruptcy case. This option offers a $300.00 discount on attorney fees and costs due to the reduction in the amount of attorney and paralegal time needed to prepare your case.

**PAYMENT OPTION 2:** The second option is a two-step process that requires one fee agreement for the pre-filing legal services and case filing ("Pre-Filing Agreement") and another fee agreement for post-filing legal services ("Post-Filing Fee Agreement"). If selecting this option, this agreement serves as the Pre-Filing Agreement. The cost of the legal services for the Pre-Filing agreement is $475.00. These amounts pay for credit reports and attorney fees. The cost of the legal services and costs for the Post-Filing Agreement are paid in monthly installments. Your first payment is $338 and is paid to the court for the filing fee. You will review these payments and monthly installment amounts with your attorney to make sure your budget will work.

### Pre and Post-Filing Agreements

By choosing the two-step process for payment of attorney fees and costs for a Chapter 7 bankruptcy, you understand the following:

1. The first step is the signing of the Pre-Filing Agreement and includes legal services for filing your bankruptcy petition, creditor matrix, and social security statement. This step will get you a bankruptcy case number and protection from the automatic stay. This step does not contain all the required documents that must be filed with the court to receive a discharge. To receive a discharge, you must file the required schedules, statements, and related documents that are included in the second step. Failure to file the remaining documents will result in dismissal of your case without a discharge. You agree to work with Attorney to complete all required forms and documents to ensure a discharge and case closure.

2. The second step is to file all Schedules, Statements, and related documents with the court within fourteen (14) days after the skeleton petition is filed. This will require another signing appointment with the attorney if you choose to retain Peterson Zeyer Law. Failure to file these documents in a timely manner will result in your case being dismissed without a discharge.

3. To complete the second step, you have three (3) options:
    a. Retain Peterson Zeyer Law to represent you and sign the Post-Filing Agreement (Recommended);
    b. Hire a different attorney or law firm to complete the bankruptcy filing; or
    c. Represent yourself (not recommended).

4. By signing the Pre-Filing Agreement, Peterson Zeyer Law agrees to represent you in both the first and second step through the entire core bankruptcy proceeding unless the Court authorizes Peterson Zeyer Law to withdraw from representation. Peterson Zeyer Law agrees to represent you regardless of the fees paid or whether you are current on any payment plan in place.

5. If Debtor chooses to retain Peterson Zeyer Law and sign the Post-Filing Agreement, Peterson Zeyer Law will provide the legal services listed below in the Rights and Responsibilities After Filing. The Firm will deduct your post-filing payments electronically through a debit card or ACH transactions. If you choose not to sign the Post-Filing Agreement, the Firm will file a motion to withdraw as counsel but

will continue to represent you through the completion of the core bankruptcy case unless the court authorizes the Firm to withdraw.

I.  RIGHT AND RESPONSIBILTIES BEFORE THE CASE IS FILED

   A. YOU, AS THE DEBTOR, AGREES TO:
   1. Discuss with the Attorney your objective in filing the case.
   2. Provide the Attorney with full, accurate and timely information, financial and otherwise, including proper and accurate identification, properly documented proof of income for the last six months preceding the date of filing, federal and state tax returns for the two years preceding years, statements for all bank and deposit accounts for the preceding ninety (90) days, and any other documents requested by the Firm. You will provide the Firm with a complete list of all creditors and debt collectors to the best of your knowledge. You understand and agree that failure to provide all necessary documents in a timely manner may delay the preparation and filing of your bankruptcy.
   3. Attend a briefing (which may be conducted by telephone or on the internet) from an approved nonprofit budget or credit counseling agency which outlines the opportunities for available credit counseling and related budget analysis.
   4. Quickly respond to all communication from the Firm.

   B. PETERSON ZEYER LAW, AS THE ATTORNEY, AGREES TO:
   1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.
   2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in this case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and court filing fees are determined and paid.
   3. Review the debtor's income as it pertains to the Means Test.
   4. Review with the debtor and sign the petition and supporting documents for a skeleton filing if electing the two-step process. Review and sign the petition, schedules, statements, and related documents if electing to pay in full prior to filing.
   5. Explain to the debtor their rights related to secured property and the debtor's options regarding surrender, redemption, reaffirmation, and retention.
   6. Conduct a reasonably diligent independent investigation regarding debtor's assets and debts.
   7. Provide debtor with Clerk's Notice required by 11 USC 342.

II. RIGHTS AND RESPONSIBILITIES AFTER THE CASE IS FILED

   A. YOU, AS THE DEBTOR, AGREE TO:
   1. Provide Attorney updated bank statements for all accounts covering the date of the bankruptcy filing as well as any other documents requested by the Firm no later than seven (7) days prior to the first meeting of creditors so Attorney can provide the documents to the trustee.
   2. Appear at the meeting of creditors (also called the "Section 341(a) meeting") with recent proof of income, picture identification, and proof of the debtor's social security number, and any other required information. Failure to appear at the scheduled §341(a) meeting may lead to dismissal of the case and further sanctions. If Debtor cannot attend the §

341(a) meeting for unforeseen circumstances beyond the Debtor's control, Debtor will notify Attorney immediately.
3. Notify Attorney and the trustee of any change in the debtor's address or telephone number.
4. Inform the attorney of any wage garnishment, levies, liens or repossessions of or on assets that occur or continue after the filing of the case.
5. Contact the attorney immediately if the debtor looses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).
6. Contact the attorney if the debtor's real or personal property is damaged, such as a car accident, while the bankruptcy case is open. You understand and agree that you will not sell, transfer, or dispose of any real or personal property while the bankruptcy case is open unless authorized to do so by the trustee or the court. Disposing of estate property during an active bankruptcy may result in revocation of your discharge and further sanctions.
7. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).
8. Provide the attorney and the trustee with copies of income tax returns for the subsequent year contemporaneous with its filing with the taxing authorizes, and provide the trustee with any refunds received, as required by the Court's Income Tax Turnover Order. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS, the State of Idaho, or other entities.
9. Complete required credit counseling program and provide certification of its completion to Attorney within 30 days of the meeting of creditors.
10. Cooperate with Attorney in responding to Trustee requests from additional information, documentation, and turnover of assets in a timely manner if required.
11. Within 30 days of the meeting of creditors, complete surrender, redemption or reaffirmation with all secured creditors as contemplated on debtor's intention statement.

B. PETERSON ZEYER LAW, AS THE ATTORNEY, AGREES TO:
1. File the remaining schedules, statements, and supporting documents necessary to get a discharge if debtor(s) choose the two-agreement option and retained Peterson Zeyer Law to represent them post-filing.
2. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of that meeting. Inform the debtor that the debtor must be punctual and, in case of a joint filing, that both spouses must appear at the same meeting.
3. Provide knowledgeable legal representation for the debtor at the Section 341(a) meeting of creditors and at any subsequent hearing, where attorney is retained to do so.
4. If the attorney finds in necessary for another attorney to appear and attend the Section 341(a) meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.
5. Ensure timely submission to the trustee of properly documented proof of income for the debtor and updated bank account statements and other required documents prior to the meeting of creditors.
6. Timely respond to U.S. Trustee and trustee's informational requests, before and after the first meeting of creditors.

7. Advise client of trustee's request for information and/or documentation and ensure the debtor cooperates with the trustee in a timely manner so as not to delay the discharge.
8. Negotiate and facilitate the turnover of property to the trustee or creditor if necessary.
9. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.
10. Be available to respond to the debtor's questions throughout the bankruptcy process.
11. Endure the debtor has completed the Debtor Education Course. Advise the client that failure to complete the required course within ninety (90) days of filing will result in the case closing without a discharge.
12. Respond to the creditor inquiries during the pendency of the case and advise the client of relevant issues.
13. Review motions for relief from stay and advise the client of the repercussions of such a motion. Timely respond if necessary and if client agrees to any additional fee that may be incurred from the response.
14. Advise the client that fees associated with avoiding judicial liens are not included in the fixed fee. Prepare, file, and serve all appropriate motions to avoid liens IF client chooses to retain Attorney to do so.
15. Advise client of the consequences of entering into a reaffirmation agreement with each secured creditor. If appropriate for Attorney to sign, Attorney will execute, negotiate, and return all creditor prepared reaffirmation agreements received prior to discharge. Advice client that Attorney drafted reaffirmation agreements are an additional fee. Prepare, negotiate, and execute client-initiate reaffirmation agreement if client retains Attorney to do so.
16. Provide any other legal services necessary for the administration of this case before the bankruptcy court.

## Attorney Fees & Costs Options

| Chapter 7 Consumer Bankruptcy ||
|---|---|
| **PAYMENT OPTION 1:** Fees & Costs Paid In-Full by the Time of Filing | **PAYMENT OPTION 2:** Small payment before filing and Fees & Costs payment plan after filing |
| Attorney Fees: $1,800 - $300 = $1,500 ($300 discount for paying in full prior to filing) | Attorney Fees: $1,800 |
| Court Filing Fee $338 | Court Filing Fee: $338 |
| Credit Report: $37 | Credit Report: $37 |
| Credit Building Education Program: **FREE** | Credit Building Education Program: **FREE** |
| Total: $1,875<br><br>**All fees and costs under this option need to be paid in full prior to filing bankruptcy.**<br><br>**Payments are welcome as your case progresses toward filing.**<br><br>* 3% Transaction Fee additional charge on all card payments. | Total: $2,175<br><br>**Amount paid prior to filing $475.**<br><br>**The remaining balance will be paid by automatic payments: $338 first payment, $200/$300 monthly payment until paid in full.**<br><br>* 3% Transaction Fee additional charge on all card payments. |
| PETERSON ZEYER LAW IS UNABLE TO OFFER A PAYMENT PLAN IF DEBTOR'S MONTHLY BUDGET DOES NOT SUPPORT THE REQUIRED PAYMENT. ||

### Schedule of Other Fixed Fees (These services are not usually needed in every case)

| | |
|---|---|
| Amendment of Schedules (due to late or erroneous information from client) | $150 per Schedule |
| Reaffirmation agreement drafted, negotiated, and executed by Attorney and motions to redeem secured property. | $250 |
| Pre-Filing Homestead Declarations | $500 Plus $13 Recording Fee |
| Lien Avoidance Motions (per creditor) | $400 Plus $13 Recording Fee and $11 Authentication fee |
| Motions to Compel Abandonment | TBD |
| Amendment to add creditor(s) after filing up through the first meeting of creditors | $32.00 per amendment |
| Amendment to add creditor(s) after filing after the first meeting of creditors | $32.00 per amendment plus $50 charge for attorney fees |
| Motions to Reopen Case | $260 court filing fee + hourly rate for work performed |
| Appearance at continued 341 meeting if Debtor fails to appear without notice to attorney prior to missing the meeting | $150.00 |
| Business Surcharge | Quoted on Case-by-Case basis |

**Regardless of whether a debtor has paid in full, once a case is filed the attorney has an ethical obligation to represent the debtor until the case is completed, or the attorney withdraws representation with court permission. Any money still owing to the attorney for the pre-filing agreement at the time of filing <u>is a dischargeable debt</u> and the attorney may not ask to be paid this money or withhold representation because of unpaid pre-petition fees. Debtor is responsible for all post-petition fees if Debtor chooses to retain Peterson Zeyer Law to complete the bankruptcy filing.**

### ALLOWANCE AND PAYMENT OF ATTORNEY'S FEES

Any attorney retained to represent a debtor in a Chapter 7 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. As not everyone requires all of the above services, our contract unbundles certain services and you will receive a supplemental bill for some of these services. Your case manager will estimate and collect or arrange payment from you for the supplemental charges listed above, for any costs associated with adding creditors after filing, and for the handling of your post filing tax returns and refunds due after the year after your bankruptcy case is filed.

The parties agree that any work not included in the Chapter 7 fixed fee shall be billed for associate attorney's regular hourly rate of $250/hour. Attorney Hyrum Zeyer is billed at $325/hour. Paralegal time is billed at $125/hour. These hourly rates will apply to all work done that falls outside the scope of the above-mentioned fixed rates of service.

### Adversary Proceedings and Excluded Services

An adversary proceeding is a lawsuit that is filed separately from but is related to bankruptcy. Creditors owed a debt that are subject to the discharge that seek to determine their debt is non-dischargeable must file an adversary proceeding. While the chances that an adversary proceeding will be filed in your case is very low, Peterson Zeyer Law does not represent you in ANY adversary proceeding unless a separate agreement is made regarding that representation. Adversary proceedings are billed according to the hourly rates as explained above.

In addition to adversary proceedings, Peterson Zeyer Law does not represent you in municipal, county, state, or local court matters. Additionally, Peterson Zeyer Law does not specialize in tax issues and does

not represent you in tax matters. Attorneys make no representations as to the tax implications of such things as transfer of property, real or personal, or about the dischargeability of tax debt. We recommend consulting a tax specialist to determine your filing requirements and dischargeability issues.

## General Provisions

I acknowledge and understand that there is no right to voluntarily dismiss my case after the petition has been filed.

By signing this agreement, I acknowledge and understand that Chapter 7 bankruptcy could result in liquidation of my assets including funds in accounts, investments, inheritances, lawsuit proceeds, commissions, tax refunds, personal property, vehicles, real property, etc... I understand that it may not be possible to protect all of my property. I understand That I cannot spend tax refunds while the case is open and that I cannot sell, encumber, spend, or transfer property without permission while the case is open. I understand that failure to comply with these provisions and a court order to turn over Estate property if required may result in revocation of my bankruptcy discharge and additional monetary sanctions.

I hereby request, authorize, and direct said attorney to, and give him my power of attorney to make, execute, sign, and endorse any and all claims, complaints, pleadings, contracts, settlements, compromises, releases, dismissals, or any other documents or papers and any settlement checks, or drafts relating to this matter that I could myself sign, make, execute or endorse.

The debtor may discharge the attorney at any time for any reason. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fee charged by the attorney, including this fixed fee, the debtor may file an objection with the court and request a hearing. Any portion of fees that are owed for pre-petition work at the time of filing is subject to discharge.

In the event Debtor fails to complete the contract and does not file a bankruptcy case, the parties agree that attorney is entitled to retain that portion of funds paid and entitled to in quantum meruit, (this means the fair value of their time at the customary attorney fee rate) including up to $100/month office handling fee to keep file open. No refunds will be issued after six (6) months.

If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for an order allowing the attorney to withdraw from the case. Improper conduct includes, lying, knowingly failing to disclose assets, abusive and offensive treatment of staff, physical threats, and asking Attorney to violate the attorney's obligations under the Professional Rule of Ethics and duty as an officer of the court.

Debtor: /s/ Gary A. Reid                                Date: 04/01/2024

Attorney for Debtor(s): /s/                              Date: 5/24/2024